# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SHERRY N.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 04430 |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| FRANK BISIGNANO, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

AMENDED
**ORDER**[2]

Before the Court are Plaintiff Sherry N.'s brief in support of reversing or remanding the Administrative Law Judge's ("ALJ") decision denying her disability benefits application (Dkt. 15: Pl. Br. in Supp. of Rev. or Remanding the Decision of the Comm. of Soc. Sec., "Pl. Br."), Defendant's memorandum in support of his motion for summary judgment (Dkt. 18: Def. Mem. in Supp. of Mot. for Summ. J., "Def. Mem."), and Plaintiff's reply (Dkt. 20: Pl. Reply to Def. Mem.).

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] On June 10, 2025, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (Dkt. 9.)

### I. Procedural History

Plaintiff applied for both disability insurance benefits and supplemental security income and on November 8, 2021 and April 26, 2022 respectively, alleging disability beginning on November 24, 2018. (R. 341.) Plaintiff's date last insured was December 31, 2022. (R. 343.) Plaintiff's claims were denied initially on January 20, 2023, and upon reconsideration on August 14, 2023. (R. 341, 481-499.) In a January 2024 letter submitted by Plaintiff's counsel to ALJ Kathleen Kadlec, Plaintiff amended her alleged onset date to September 14, 2021. (R. 720-21.) Plaintiff appeared with counsel at a telephonic hearing on February 8, 2024. (R. 373-404.) On April 5, 2024, the ALJ issued a written decision denying Plaintiff's applications and finding her not disabled.[3] (R. 338-72.) This appeal followed. After considering the briefs and evidence, the Court grants Plaintiff's request for remand and denies Defendant's response.

### II. The ALJ Decision

The ALJ applied the Social Security Administration's five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (R. 343.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of degenerative disc

---

[3] The Appeals Council subsequently denied review of the ALJ's decision (R. 1-7), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

disease of the lumbar spine/sacroiliac dysfunction, degenerative disc disease of the cervical spine, carpal tunnel syndrome, epilepsy, anxiety and depression. (R. 344-46.)

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal a statutory Listing. (R. 346-49.) Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work with manipulative, postural, environmental, and mental limitations. (R. 349-64.)

At Step Four, the ALJ found that Plaintiff was capable of performing her past relevant work as a sales associate. (R. 364-67.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (R. 367.)

### III. Legal Standard

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

To determine whether a claimant is disabled, the ALJ considers the following five "steps" in order: (1) Is the claimant engaging in substantial gainful activity? (2) Does the plaintiff have a severe impairment or combination of impairments? (3) Does the claimant's impairment(s) meet or medically equal one of the impairments listed in the regulations? (4) Is the claimant able to perform his past relevant work? and (5) Is the

3

claimant able to adjust to any other work? 20 C.F.R. § 404.1520(a)(4).[4] Between Steps

Three and Four, the ALJ determines the claimant's RFC, which is defined as the most a

claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

If the claimant is engaging in substantial gainful activity under Step One, does

not have an impairment or combination of impairments as described at Step Two, can

perform past relevant work under Step Four, or can adjust to other work under Step

Five, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), (ii), (iv), (v). If

the claimant has an impairment that meets or equals the requirements of Step Three or

is incapable of adjusting to other work under Step Five, then the claimant is

disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii),(v). The claimant has the burden of proof at

Steps One through Four. *Mandrell v. Kijakazi*, 25 F.4th 514, 516 (7th Cir. 2022). At Step

Five, the burden shifts to the Commissioner. *Id.*

The Court does not "merely rubber stamp the ALJ's decision on judicial review."

*Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). An ALJ's decision will be affirmed if it

is supported by "substantial evidence," which means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*,

587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*.

As the Seventh Circuit stated, ALJs are "subject to only the most minimal of articulation

---

[4] The regulations that govern disability insurance benefits (20 C.F.R. Part 404) and supplemental security income (20 C.F.R. Part 416) are virtually identical in all relevant respects. Accordingly, the Court will cite to the regulations for disability insurance found in 20 C.F.R. Part 404.

requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

"All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054. The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit has further clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

## IV. Analysis

Plaintiff argues that the case must be remanded because the ALJ did not properly evaluate the medical opinion of her primary care physician Mary Chinn, M.D. (Pl. Br. 6-

5

10.)[5] Specifically, she contends that the ALJ failed to evaluate the opinion using the required regulatory factors of supportability and consistency. The Court agrees that the ALJ failed to evaluate the opinion for supportability and thus must remand the case.

The ALJ was required to evaluate Dr. Chinn's medical opinion under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b).

Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a). An ALJ's decision must explain how she considered the factors of

---

[5] Plaintiff also contends that the ALJ failed to properly evaluate the state agency consultants' findings, her RFC, and her subjective symptoms. (Pl. Br. 3-6, 10-15.) Because the Court is remanding on the basis of the ALJ's evaluation of Chinn's opinion, it does not reach Plaintiff's other assignments of error.

supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

On September 18, 2023, Dr. Chinn prepared a "Mental Impairment Questionnaire (RFC & Listings)." (R. 1386-88). On the form, Dr. Chinn indicated she had seen Plaintiff approximately every month since January 2023 and had diagnosed her with depression, anxiety, and short-term memory loss. (R. 1386). Dr. Chinn opined that Plaintiff had several significant mental limitations including that she was markedly limited in her ability to remember locations and work-like procedures, sustain an ordinary routine without special supervision, interact appropriately with the general public, and accept instructions and respond appropriately to criticism from supervisors. (R. 1387). Dr. Chinn explained that the basis for her marked limitation opinions was that Plaintiff "does not follow my simple instructions here in the office and is not able to explain in her own words what was told to her." (*Id.*) Dr. Chinn further opined that Plaintiff's symptoms would interfere with her ability to maintain attention and concentration for even simple work tasks over 21% of the time in a typical workday. (R. 1388). Dr. Chinn provided an additional explanation that her opinion was based on her interactions with Plaintiff at the clinic and that she was anxious, crying, with poor comprehension. (*Id.*). Dr. Chinn also emphasized that she had tried to work with her on getting food stamps but she "does not understand and is not able to complete the required tasks." (*Id.*).

7

The ALJ found Dr. Chinn's opinion to be "unpersuasive" and provided four reasons for this conclusion (R. 363-64). The ALJ first noted that Plaintiff's cognition was intact in other examinations. (R. 364.) Specifically, the ALJ acknowledged that after noting Plaintiff's memory loss, Dr. Chinn referred the claimant to a neurologist who "documented in more comprehensive examinations that her cognition was normal." (R. 364, R. 1844, 1881, comparing 1906-07, 1912). Second, the ALJ then explained that Dr. Chinn did not appear to consistently treat Plaintiff's depression or her obstructive sleep apnea which "certainly could be contributing to her fatigue/cognitive issues." (R. 364). Third, the ALJ also found Dr. Chinn's opinion was inconsistent with Plaintiff's own activities of daily living and cited her use of public transportation to get to her psychological consultative examination, and her enjoying traveling to new places. (R. 364, citing R. 1364, 1883-96). Fourth and finally, the ALJ stated that Plaintiff's cognition was largely intact in various treatment records, with reports of situational stressors and no indication of side effects. (R. 364.)

Plaintiff argues that the ALJ's analysis violated 20 C.F.R. § 404.1520c due to "failing to identify the supportability and consistency of the evidence with Dr. Chinn's opinion." (Pl. Br. 7). Regarding consistency, the regulations provide that "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." 20 C.F.R. § 404.1520c(c)(2). While the ALJ's evaluation of the consistency factor was not

perfect, she sufficiently explained why she found Dr. Chinn's opinion inconsistent with evidence from other sources in the record. The ALJ considered the mental status examination findings of other providers and Plaintiff's own reported activities and found them inconsistent with Dr. Chinn's opinion. (R. 364). Plaintiff's argument regarding the consistency factor is thus unavailing and impermissibly asks the Court to reweigh evidence. *See Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024).

As for supportability, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion . . . the more persuasive the medical opinion . . . will be." 20 C.F.R. § 404.1520c(c)(2). *See Bakke v. Kijakazi*, 62 F.4th 1061, 1068 (7th Cir. 2023) ("The same regulation requires an ALJ, in reaching his conclusions, to consider the internal supportability of a physician's medical opinion."); *Michelle D. v. Kijakazi*, No. 21 CV 1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022) ("Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion").

In this case, while the ALJ listed instances where Plaintiff's cognition was intact, she failed to address contrary evidence or otherwise evaluate the support Dr. Chinn provided for her own opinion, which constitutes a violation of the medical opinion evaluation regulations. 20 C.F.R. § 404.1520c(b)(2); *see, e.g., Lakisha R. v. Kijakazi*, No. 20

9

C 7574, 2023 WL 2374974 at *3 (N.D.IL March 6, 2023) (citing cases finding that ALJ's failure to discuss supportability with any specificity was error.)

The ALJ's failure to address the supportability of Dr. Chinn's opinion resulted in an unlawful cherry-picking of the evidence. "An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009). Specifically, a number of the records the ALJ failed to consider supported Dr. Chinn's opinion that Plaintiff had some marked limitations.

For example, while Dr. Chinn did make some normal mental findings while treating Plaintiff, the ALJ did not mention that she also documented instances of anxious and depressed mood, tearful effect, crying, and impaired memory and cognition. (R. 1842, 1844, 1872, 1881). More significantly, the ALJ did not consider Dr. Chinn's explanation in her opinion that Plaintiff was severely limited because she observed Plaintiff to be anxious, crying, with poor comprehension, and that Plaintiff was unable to understand or complete the required tasks to get food stamp assistance. (R. 1388).

Defendant argues that the ALJ addressed Dr. Chinn's treatment notes and that the treatment notes did not support her opinion. (Def. Mem. 9-10). This argument is unavailing because while the ALJ cited to Dr. Chinn's treatment notes, she did not

explain why they did or did not support the opinion. (R. 364). Further as noted above, the ALJ failed to consider at all the supporting explanations Dr. Chinn provided in the opinion itself. By omitting a discussion of supportability of Dr. Chinn's opinion and not addressing evidence that favored Plaintiff's position, the ALJ's determination is not supported by substantial evidence.

The Court also notes that the other reasons the ALJ provided for finding Dr. Chinn's opinion unpersuasive do not relate to supportability. For example, the ALJ noted that Dr. Chinn did not regularly treat Plaintiff's depression or sleep apnea and suggested those conditions could impact Plaintiff's cognition. Even if true, that issue is irrelevant to supportability and instead relates to the separate regulatory factor of Dr. Chinn's treating relationship with the Plaintiff. *See* 20 C.F.R. § § 404.1520c(c)(3) (including factors such as "[p]urpose of the treatment relationship.") The issue here is that the ALJ did not adequately address whether Dr. Chinn's treatment records and explanations supported her medical opinion. Whether or not Dr. Chinn treated Plaintiff for all of her conditions that might affect her cognition does not impact the Court's evaluation of the supportability factor.

The ALJ's error in not evaluating Dr. Chinn's opinion for supportability was not harmless. Harmless error occurs when "it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to

11

marshal that support" because remanding would be "a waste of time." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010).

The error here is not harmless because Dr. Chinn's opinion was far more restrictive than the ALJ's mental RFC finding. The ALJ found Plaintiff could "understand, remember, and carry out detailed but not complex tasks." (R. at 349). On the other hand, Dr. Chinn opined more significant limitations including that Plaintiff was impaired in her ability to maintain attention and concentration for even simple work tasks over 21% of the time in a typical workday. (R. 1388). If the ALJ had analyzed Dr. Chinn's opinion for supportability as required by the regulations and discussed Dr. Chinn's supporting explanation which indicated significant comprehension issues, it is possible that the ALJ would have found a more restrictive mental RFC. Thus, the ALJ's error in medical opinion evaluation articulation requires remand.

In the Seventh Circuit, ALJs are not required to substantiate every point they make but they must provide a minimal articulation that allows this Court to follow the ALJ's reasoning for meaningful appellate review. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003), citing *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Here, the Court lacks the minimal articulation required by the regulations necessary to follow why the ALJ found Dr. Chinn's opinion unpersuasive. Therefore, the Court finds that the ALJ did not support her mental RFC finding with substantial evidence.

12

## CONCLUSION

For the reasons explained above, the Court grants Plaintiff's request for remand

(Dkt. 15) and denies Defendant's response in opposition. (Dkt. 18.)

**SO ORDERED.**

**ENTER:**

_Laura K. McNally_

**LAURA K. MCNALLY**

**United States Magistrate Judge**

**DATED: 4/24/2026**

13